J-A16038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL YEAGER | |
| Appellant | No. 2036 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 12, 2019
In the Court of Common Pleas of Schuylkill County
Criminal Division at No: CP-54-CR-0002114-2018

BEFORE: PANELLA, P.J., STABILE, and MUSMANNO, JJ.

CONCURRING MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 19, 2020**

The Majority concludes that the odor of burnt marijuana detected by a police officer prior to the date dry leaf marijuana was available for vaping provided the basis for a proper investigatory traffic stop in this case. I fully agree. However, I write further to express my belief that detecting the odor of marijuana from a moving vehicle continues to establish reasonable suspicion to justify an investigatory traffic stop, despite the fact vaping dry leaf marijuana now is authorized by the Medical Marijuana Act ("MMA"), 35 P.S. § 10231.101-10231.2110.[1] I reach this conclusion because marijuana

---

[1] As the Majority recognizes, an expert in **Commonwealth v. Barr**, 2020 WL 5742680, at *16 n. 10 (Pa. Super. filed September 25, 2020), explained that vaporizing medical marijuana produces the same odor as burning marijuana.

continues to be designated a Schedule I controlled substance pursuant to the Controlled Substance Act, 35 P.S. § 780-104, and our Motor Vehicle Code prohibits driving, operating, or controlling a motor vehicle when "[t]here is in the individual's blood **any** amount of a [] Schedule I controlled substance . . . or metabolite" of a Schedule I controlled substance. 75 Pa.C.S.A. § 3802 (d)(1)(i) and (iii) (emphasis added).

Unlike cases where a vehicle is stopped for the lack of a brake light or an expired registration, the officer in the case before us detected the odor of burnt marijuana while following Yeager's vehicle for "a good portion of a mile." N.T., Suppression, 5/22/19, at 11. As the Majority observed, "[T]he record reflects that Officer Blesse initiated the traffic stop based **solely** on the odor of burnt marijuana, emanating from the vehicle's open driver's side window, which he detected while following Yeager's vehicle." Majority Opinion at 14 (citing N.T., Suppression, 5/22/19, at 8, 9, 11) (emphasis added).

Our Supreme Court has explained:

> A warrantless seizure is presumptively unreasonable under the Fourth Amendment, subject to a few specifically established, well-delineated exceptions. One exception allows police to briefly detain individuals for an investigation, maintain the *status quo,* and if appropriate, conduct a frisk for weapons when there is

---

Majority at 14 n.7. It is important to note, however, that unlike the present case where the odor of marijuana was the basis for the vehicle stop, the stop in **Barr** was based on motor vehicle violations. The issue in that case was whether the odor of marijuana detected after the stop could justify a search of the vehicle. A petition for allowance of appeal was filed in **Barr** on October 22, 2020, and is pending before the Supreme Court. (**Commonwealth v. Barr**, 583 MAL 2020.)

> reasonable suspicion that criminal activity is afoot. The Fourth Amendment does not prevent police from stopping and questioning motorists when they witness or suspect a violation of traffic laws, even if it is a minor offense.

*Commonwealth v. Chase*, 960 A.2d 108, 113 (Pa. 2008) (citations omitted).

Recognizing that operating a vehicle with any marijuana or metabolites in one's blood is a violation of the Motor Vehicle Code, and further recognizing that the MMA, while allowing the vaping of dry leaf marijuana, prohibits smoking medical marijuana, 35 P.S. § 10231.304(b), an officer who detects the odor of marijuana in a moving vehicle is not prevented by the Fourth Amendment from stopping and questioning the driver after suspecting a violation of the traffic laws. While medical marijuana is now legal when properly used in accordance with the MMA, driving while smoking medical marijuana, nonetheless illegal marijuana, or while any of its metabolites are in one's blood is not.

Driving under the influence, whether of alcohol or controlled substances, endangers and kills lives. Like alcohol, while medical marijuana may now be legal, smoking, vaping, or otherwise ingesting marijuana that contains THC can still impair someone who is operating a vehicle. The continued prohibition against driving with any marijuana or metabolites in one's blood is a reflection of that fact. As the Court recognized in *Chase*, "Pennsylvanians also have a significant interest in having the Vehicle Code enforced." *Id.* at 119. While stated in the context of DUI roadblocks, the Court "determined the Commonwealth has a compelling interest in detecting and removing

intoxicated drivers because they may cause death, injury, and property damage." *Id.* (citation omitted). I believe that compelling interest applies equally in the context of persons under the influence of marijuana, whether illegal marijuana or medical marijuana.

Accordingly, I believe the odor of marijuana emanating from a moving vehicle continues to provide reasonable suspicion warranting a stop of a vehicle to determine whether the vehicle is being operated by someone using marijuana. Like alcohol, medical marijuana is legal. However, while legal, both can impair driving. Our statutes prohibit driving with certain levels of alcohol in one's system. Similarly, our statutes prohibit driving with **any** level of marijuana or metabolites in one's system. 75 Pa.C.S.A. § 3802 (d)(1)(i) and (iii). Simply stated, it is illegal to smoke or vape marijuana and drive. Therefore, the odor of marijuana emanating from a moving vehicle provides enough reasonable suspicion to make a vehicle stop and further investigate whether the driver is impaired.